**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| NAFISEH T. MOGHADAM, | DOCKET NUMBER |
| Appellant, | SF-1221-18-0407-W-1 |
| v. | |
| DEPARTMENT OF VETERANS AFFAIRS, | DATE: January 31, 2024 |
| Agency. | |

# THIS ORDER IS NONPRECEDENTIAL[1]

Kevin L. Owen and Christopher H. Bonk, Silver Spring, Maryland, for the appellant.

Maureen Ney, Esquire, Los Angeles, California, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

## REMAND ORDER

The appellant has filed a petition for review of the initial decision, which dismissed for lack of jurisdiction her request for corrective action in an individual right of action (IRA) appeal. For the reasons discussed below, we GRANT the petition for review. We VACATE the initial decision to the extent that it held

_____

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

that the appellant did not exhaust her administrative remedies with respect to her February 15, 2015 statement in support of a colleague's Federal district court case and that the appellant failed to make a nonfrivolous allegation that the statement constituted protected activity under 5 U.S.C. § 2302(b)(9). We FIND that the appellant exhausted her administrative remedies as to the February 15, 2015 statement and made a nonfrivolous allegation that the statement was protected activity under 5 U.S.C. § 2302(b)(9)(B). We further FIND that the appellant made nonfrivolous allegations that the February 15, 2015 statement was a contributing factor in the agency's decision to take two personnel actions; however, the record is insufficiently developed for us to determine whether the appellant made nonfrivolous allegations that the statement was a contributing factor in six additional personnel actions. Therefore, we REMAND the case to the Western Regional Office for further adjudication in accordance with this Order.

## BACKGROUND

In May 2008, the agency appointed the appellant to a Physician Assistant position in the excepted service, in the agency's Ear, Nose, and Throat Clinic in the Department of Surgery, pursuant to 38 U.S.C. § 7401(1). Initial Appeal File (IAF), Tab 6 at 8 n.2, Tab 9 at 158. In May 2010, the agency terminated the appellant from her position. IAF, Tab 1 at 20, Tab 6 at 8. In December 2016, the agency reinstated her to a Physician Assistant position in Geriatric Extended and Rehabilitation Care. IAF, Tab 6 at 8, Tab 9 at 156. In September 2017, the appellant filed a complaint with the Office of Special Counsel (OSC) in which she alleged that the agency had committed prohibited personnel practices and retaliated against her for whistleblowing and protected activity. IAF, Tab 1 at 16-35. In January 2018, the agency proposed the appellant's removal for unacceptable performance, and the agency subsequently sustained the removal

action, effective March 18, 2018.[2]  IAF, Tab 1 at 12-15, Tab 9 at 20-21.  On March 26, 2018, OSC informed the appellant that it had terminated its inquiry into her allegations regarding the agency's prohibited personnel practices and notified her of her right to seek corrective action from the Board.  IAF, Tab 1 at 36-37.

On March 30, 2018, the appellant timely filed a Board appeal and requested a hearing.  IAF, Tab 1.  The administrative judge notified the appellant of the elements and burdens of proof to establish Board jurisdiction over an IRA appeal and ordered her to file a response establishing jurisdiction.  IAF, Tab 3.  The appellant filed a response in which she alleged that she had engaged in activity protected under 5 U.S.C. § 2302(b)(9) by lawfully assisting an agency physician, who had purportedly made disclosures regarding timecard fraud and other topics protected under 5 U.S.C. § 2302(b)(8) and initiated litigation in opposition to the agency's retaliation for his disclosures that was protected under 5 U.S.C. § 2302(b)(9).  IAF, Tab 6 at 6-8.  Specifically, she alleged that:  (1) sometime between 2008 and 2010, agency officials solicited her for derogatory statements against the physician, but she refused to make false allegations against him; (2) in July 2014 and April 2015, the physician testified before a congressional subcommittee regarding whistleblower retaliation, and in his April 2015 testimony, he stated that the agency had terminated the appellant, in part, due to

---

[2] In April 2018, the agency notified the Board that it had rescinded the removal, reinstated the appellant, and reissued a proposal to remove her.  IAF, Tab 9 at 8, 15.  The status of the removal action is not relevant to the issue of jurisdiction in this matter, however.  Although the appellant indicated in her initial appeal that she was challenging her removal in addition to whistleblower retaliation, she does not argue that the Board has jurisdiction over her removal as an independently appealable action.  IAF, Tab 1 at 9, Tab 6.  Moreover, as a Physician Assistant appointed pursuant to 38 U.S.C. § 7401(1), the appellant cannot appeal her removal directly to the Board, but she may file an IRA appeal.  See 5 U.S.C. §§ 4303(e), 7511(b)(10); Hawker v. Department of Veterans Affairs, 123 M.S.P.R. 62, ¶ 2 n.1 (2015) (observing that, as a physician appointed under 38 U.S.C. § 7401(1), the appellant could not directly appeal his termination to the Board, but he retained the right to file an IRA appeal alleging that his termination was retaliatory).

her support of him; and (3) on February 15, 2015, the appellant prepared a written declaration that the physician filed on March 9, 2015 in support of a complaint alleging violations of Title VII of the Civil Rights Act, which he had filed against the agency in the U.S. District Court for the Central District of California.  *Id.*; *see* IAF, Tab 15 at 4-18.

The appellant further alleged that, in retaliation for her assistance to the physician:  (1) in 2010, the agency improperly terminated her; (2) in December 2016, the agency reinstated her in a practice area in which she had no prior experience; (3) starting in January 2017, her supervisor intermittently compelled her to stay past her duty time and prevented her from collecting compensation for it; (4) in March 2017, the agency issued her a focused professional practice evaluation (FPPE) raising inaccurate allegations of performance deficiencies; (5) also in March 2017, her supervisor placed her on a performance improvement plan (PIP); (6) in June 2017, the agency changed the appellant's duties and no longer permitted her to see patients; (7) in July and August of 2017, her supervisor informed her that she had failed a second FPPE; (8) in January 2018, the agency proposed her removal; and (9) in March 2018, the agency issued a decision to remove her.  *Id.* at 8-9.  Finally, the appellant alleged that the agency officials involved in these personnel actions were aware of her support of the physician.  *Id.* at 9-11.  The parties submitted the complaints that the physician filed in Federal district court and related orders, the appellant's February 15, 2015 statement, and evidence that the physician had filed two OSC complaints and an IRA appeal with the Board.  IAF, Tabs 10, 12, 15, 17.

The administrative judge subsequently issued an initial decision dismissing the appeal for lack of jurisdiction.  IAF, Tab 19, Initial Decision (ID).  Specifically, she found that the appellant had not alleged or submitted any evidence that she assisted the physician in his congressional testimony, nor was the physician's testimony before a congressional subcommittee an exercise of an appeal, complaint, or grievance right granted by statute or regulation;

accordingly, the appellant did not make a nonfrivolous allegation that she testified for or otherwise lawfully assisted the physician in the exercise of an appeal, complaint, or grievance right when he testified before a congressional subcommittee in 2014 and 2015. ID at 4-6. Additionally, the administrative judge found that, because the physician did not pursue the remedy of a violation of 5 U.S.C. § 2302(b)(8) in his Federal district court case, the appellant's testimony in support of his case did not constitute protected activity. ID at 6-7. Moreover, the administrative judge found that the appellant did not raise before OSC that she testified for or lawfully assisted the physician in his Federal district court case. ID at 7. Finally, the administrative judge found that the Board did not have jurisdiction over any claim that the appellant assisted the physician in his 2011 OSC complaint because the complaint did not seek to remedy a violation of section 2302(b)(8), and the appellant did not allege that she testified or lawfully assisted the physician in connection with his 2014 OSC complaint and did not raise this activity before OSC. ID at 8. Accordingly, the administrative judge found that the appellant had failed to make a nonfrivolous allegation of jurisdiction and dismissed the appeal.[3] *Id.*

The appellant has filed a petition for review of the initial decision. Petition for Review (PFR) File, Tab 1. The agency has not responded to the petition.

## DISCUSSION OF ARGUMENTS ON REVIEW

To establish Board jurisdiction over an IRA appeal brought pursuant to the Whistleblower Protection Enhancement Act of 2012 (WPEA), the appellant must

---

[3] In a prior order, the administrative judge found that the Board did not have jurisdiction over any allegations that the agency took retaliatory actions against the appellant prior to December 27, 2012, the effective date of the Whistleblower Protection and Enhancement Act of 2012 (WPEA). IAF, Tab 7 at 2. The appellant has not challenged this ruling, and we discern no reason to disturb it. *See Hooker v. Department of Veterans Affairs*, 120 M.S.P.R. 629, ¶¶ 10-15 (2014) (declining to give retroactive effect to section 101(b)(1)(A) of the WPEA, which provided the Board with jurisdiction over requests for corrective action for any personnel action taken, or proposed to be taken, as a result of a prohibited personnel practice described in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D)).

exhaust her administrative remedies before OSC and make nonfrivolous allegations that: (1) she made a protected disclosure described under 5 U.S.C. § 2302(b)(8) or engaged in protected activity as specified in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D); and (2) the protected disclosure or activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a). 5 U.S.C. §§ 1214(a)(3), 1221(e)(1); *Salerno v. Department of the Interior*, 123 M.S.P.R. 230, ¶ 5 (2016). Jurisdiction in an IRA appeal is determined based on the written record. *See Graves v. Department of Veterans Affairs*, 123 M.S.P.R. 434, ¶ 22 (2016) (holding that an employee is not entitled to a jurisdictional hearing in an IRA appeal).

On review, the appellant does not challenge the administrative judge's findings that she did not make a nonfrivolous allegation that she testified or lawfully assisted the physician in his congressional testimony and that such activity was protected under 5 U.S.C. § 2302(b)(9), rather than under 5 U.S.C. § 2302(b)(8). We discern no reason to disturb the administrative judge's well-reasoned findings regarding this issue. ID at 4-6; *see Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997) (finding no reason to disturb the administrative judge's findings where she considered the evidence as a whole and drew appropriate inferences); *Broughton v. Department of Health and Human Services*, 33 M.S.P.R. 357, 359 (1987) (same).

The appellant argues that her provision of lawful assistance to the physician in pursuing his Federal district court case was protected activity under 5 U.S.C. § 2302(b)(9)(B), which protects an individual who testifies for or lawfully assists another individual in the exercise of any appeal, complaint, or grievance right, regardless of whether it seeks to remedy a violation of 5 U.S.C. § 2302(b)(8). PFR File, Tab 1 at 8-10. She argues that the administrative judge erred by finding otherwise and by dismissing her claim that she assisted the physician in connection with his OSC complaints. *Id.* According to the appellant, the administrative judge also erred in finding that she did not exhaust

her administrative remedies before OSC with respect to her claim that she assisted the physician by providing a written statement, and she submits additional correspondence with OSC discussing the statement. *Id.* at 10-12, 19. Finally, the appellant argues that the physician's Federal district court case involved the exercise of a complaint in remedying personnel actions the agency took, or threatened to take, because of disclosures the physician made that were protected under 5 U.S.C. § 2302(b)(8), thus the appellant's assistance to the physician is protected under 5 U.S.C. § 2302(b)(9)(A)(i). *Id.* at 12-14.

<u>The appellant exhausted her administrative remedies with respect to her claim that she submitted a statement in support of the physician's Federal district court case and the nine personnel actions she alleges that the agency took in retaliation for her protected activity.</u>

In an IRA appeal, the Board may consider only matters that the appellant first raised before OSC. *Mason v. Department of Homeland Security*, 116 M.S.P.R. 135, ¶ 8 (2011). The purpose of the requirement that an appellant exhaust her remedies with OSC prior to filing an IRA appeal with the Board is to give OSC "the opportunity to take corrective action before involving the Board in the case." *Ward v. Merit Systems Protection Board*, 981 F.2d 521, 526 (Fed. Cir. 1992). The WPEA provides that, if OSC finds that there is a substantial likelihood that the information it received discloses a violation of the Act, it "shall transmit the information to the head of the agency involved for investigation and report." *Id.* (making this finding based on the same language in the prior Whistleblower Protection Act); *see* 5 U.S.C. § 1213(b)-(c). These inquiries by OSC and their transmittal to agencies for remedial action are a major component of OSC's work. *Ward*, 981 F.2d at 526. Thus, the substantive requirements of exhaustion are met when an appellant has provided OSC with a sufficient basis to pursue an investigation that might lead to corrective action. *Chambers v. Department of Homeland Security*, 2022 MSPB 8, ¶ 10.

An appellant may demonstrate exhaustion through her initial OSC complaint or correspondence with OSC. *Chambers*, 2022 MSPB 8, ¶ 11. In the

alternative, exhaustion may be proved through other sufficiently reliable evidence, such as an affidavit or declaration attesting that the appellant raised with OSC the substance of the facts in the MSPB appeal. *Id.*; *Mason*, 116 M.S.P.R. 135, ¶ 8. To establish Board jurisdiction, the appellant must prove exhaustion with OSC by preponderant evidence, not just present nonfrivolous allegations of exhaustion. *Chambers*, 2022 MSPB 8, ¶ 11; 5 C.F.R. § 1201.57(c)(1).

Our review of the record reflects that the administrative judge incorrectly concluded that the appellant did not raise before OSC her claim that she lawfully assisted the physician in his Federal district court case. The appellant's September 2017 OSC complaint stated that the physician made disclosures in 2009 to 2010 and that she was "supportive as a witness to a whistleblower." IAF, Tab 1 at 23, 26. OSC's March 26, 2018 letter also reflects that the appellant alleged that she "served as a witness in a high-profile whistleblower's complaint between 2009 and 2010." *Id.* at 36; *see Baldwin v. Department of Veterans Affairs*, 113 M.S.P.R. 469, ¶ 8 (2010) (providing that the appellant may demonstrate exhaustion through letters from OSC). Here, although the appellant did not explicitly identify her assistance to the physician in the pursuit of his Federal district court case, including the February 15, 2015 statement, she provided OSC with sufficient grounds to investigate her claim that she assisted the physician by serving as a witness. Accordingly, the appellant's complaint to the Board contains a more detailed account of her alleged protected activity, rather than a new claim of protected activity. *See, e.g., Briley v. National Archives and Records Administration*, 236 F.3d 1373, 1378 (Fed. Cir. 2001) (finding that the appellant's letters to OSC contained the core of her retaliation claim and provided OSC with a sufficient basis to pursue an investigation); *Chambers*, 2022 MSPB 8, ¶ 10 (stating that an appellant may give a more detailed account of her whistleblowing activities before the Board than she did to OSC).

Additionally, the appellant has provided supplemental correspondence with OSC that she did not provide below.  PFR File, Tab 1 at 15-26.  Generally, the Board will not consider evidence submitted for the first time on review absent a showing that it was unavailable before the record closed despite the party's due diligence, but the issue of the Board's jurisdiction is always before the Board and may be raised by either party or sua sponte by the Board at any time during a Board proceeding.  *Simnitt v. Department of Veterans Affairs*, 113 M.S.P.R. 313, ¶ 5 (2010); 5 C.F.R. § 1201.115.  We have considered the appellant's supplemental correspondence, which states that "[a]t some point [she] had also provided a written statement that [the physician] was a competent clinician/mentor."  PFR File, Tab 1 at 19.  We find that this was sufficient to exhaust her administrative remedies regarding the February 15, 2015 statement.

We agree with the administrative judge that the appellant has not proven by preponderant evidence that she exhausted administrative remedies before OSC with respect to her claim that she lawfully assisted the physician in his complaints to OSC.  ID at 8.  As discussed by the administrative judge, the appellant has not identified how she assisted the physician in pursuing his 2011 and 2014 complaints to OSC and asserted that she only became aware of the physician's 2014 OSC complaint and his subsequent IRA appeal during the pendency of the instant appeal.  IAF, Tab 17 at 4-7.  The appellant did not mention the physician's 2011 OSC complaint below, and we conclude that she was similarly unaware of the complaint before the agency filed a copy of it during the proceedings below.  IAF, Tab 15 at 29-39.  Accordingly, the appellant could not have provided OSC with a sufficient basis on which to investigate her alleged assistance to the physician in pursuing his OSC complaints during the pendency of OSC's investigation into the appellant's claims.  The appellant has failed to show by preponderant evidence that she exhausted administrative remedies before OSC with respect to her alleged assistance to the physician in the pursuit of his 2011 and 2014 complaints to OSC.  Because the appellant failed to show that she

exhausted administrative remedies with respect to the physician's OSC complaints, we vacate the administrative judge's finding that the appellant failed to make a nonfrivolous allegation that her assistance to the physician in connection with the OSC complaints constituted protected activity. ID at 8.

The administrative judge did not address whether the appellant raised before OSC each of the personnel actions she alleges that the agency took against her in retaliation for her protected activity. Our review of the appellant's complaint and correspondence to OSC reflects that she exhausted her administrative remedies before OSC with respect to each of the personnel actions she has raised before the Board, specifically: (1) in 2010, the agency improperly terminated her, IAF, Tab 1 at 20, 23, 34; (2) in December 2016, the agency reinstated her in a practice area in which she had no prior experience, *id.* at 20, 29; (3) starting in January 2017, her supervisor intermittently compelled her to stay past her duty time and prevented her from collecting compensation for it, *id.* at 20, 29-30; (4) in March 2017, the agency issued her a FPPE raising inaccurate allegations of performance deficiencies, *id.* at 20, 30; (5) also in March 2017, her supervisor placed her on a PIP, *id.* at 20, 30; (6) in June 2017, the agency changed the appellant's duties and no longer permitted her to see patients, *id.* at 20, 30-31; (7) in July and August of 2017, her supervisor informed her that she had failed a second FPPE, *id.* at 31-32; (8) in January 2018, the agency proposed her removal, IAF, Tab 6 at 13; and (9) in March 2018, the agency issued a decision to remove her, IAF, Tab 1 at 36.

The administrative judge erred in concluding that the appellant had failed to make a nonfrivolous allegation that her February 15, 2015 statement constituted protected activity under 5 U.S.C. § 2302(b)(9).

The administrative judge also erred in finding that the appellant failed to make a nonfrivolous allegation that her February 15, 2015 statement constituted protected activity under 5 U.S.C. § 2302(b)(9). Under section 2302(b)(9)(B), it is a protected activity to "testify[] for or otherwise lawfully assist[] any individual

in the exercise of any right referred to in subparagraph (A)(i) or (A)(ii)." *Graves*, 123 M.S.P.R. 434, ¶ 12. Section 2302(b)(9)(A), in turn, covers the protected activities of "the exercise of any appeal, complaint, or grievance right granted by any law, rule, or regulation—(i) with regard to remedying a violation of paragraph (8) [concerning retaliation for whistleblowing]; or (ii) other than with regard to remedying a violation of paragraph (8)."

The administrative judge found that, in filing a complaint in Federal district court alleging a violation of Title VII of the Civil Rights Act, the physician was pursuing a complaint right granted by statute, and we agree. ID at 6; *see Graves*, 123 M.S.P.R. 434, ¶¶ 18-19 (interpreting the phrase "appeal, complaint, or grievance" to mean an initial step toward taking legal action against the agency for a perceived violation of employment rights). However, the administrative judge incorrectly found that the physician's suit in Federal district court could not serve as the basis of the appellant's protected activity because he was not pursuing a remedy of a violation of 5 U.S.C. § 2302(b)(8). ID at 7. The appellant correctly argues that, under 5 U.S.C. § 2302(b)(9)(B), it is protected activity for an individual to testify for or otherwise lawfully assist another individual in the exercise of any right referred to in subparagraph (A)(i) or (A)(ii), and subparagraph (A)(ii) explicitly provides for the exercise of a complaint right other than with regard to remedying a violation of 5 U.S.C. § 2302(b)(8). *See Carney v. Department of Veterans Affairs*, 121 M.S.P.R. 446, ¶ 6 n.3 (2014) (observing that, although 5 U.S.C. § 1221(a) limits Board appeal rights under 5 U.S.C. § 2302(b)(9)(A) to individuals who exercised appeal, complaint, or grievance rights to those remedying a violation of 5 U.S.C. § 2302(b)(8), there is no such jurisdictional restriction for individuals filing a Board appeal pursuant to 5 U.S.C. § 2302(b)(9)(B)). Accordingly, the statutory basis for the physician's suit is not a bar to the appellant's claim of protected activity in the instant matter.

The Board previously has found that a statement such as that written by the appellant on February 15, 2015, which the physician filed in support of his

complaint in Federal district court, constitutes lawful assistance of an individual in the exercise of an appeal right and thus constitutes protected activity under 5 U.S.C. § 2302(b)(9)(B). *See Canada v. Department of Homeland Security*, 113 M.S.P.R. 509, ¶ 13 (2010) (holding that the submission of the appellant's affidavit as an exhibit in his supervisor's Board appeal constituted lawful assistance of an individual in the exercise of his appeal right). Accordingly, we find that the appellant has made a nonfrivolous allegation that the physician's use of her February 15, 2015 statement in support of his Federal district court case constituted protected activity under 5 U.S.C. § 2302(b)(9)(B). Because we find that the appellant has made a nonfrivolous allegation that her statement constituted protected activity under 5 U.S.C. § 2302(b)(9)(B), we need not address the appellant's argument that her statement also constituted protected activity under 5 U.S.C. § 2302(b)(9)(A)(i).

**The appellant made a nonfrivolous allegation that her protected activity was a contributing factor in the agency's decision to take two personnel actions.**

The administrative judge did not address whether the appellant made a nonfrivolous allegation that her February 15, 2015 statement was a contributing factor in the agency's decision to take or fail to take the personnel actions described by the appellant as retaliatory. At the jurisdictional stage of an IRA appeal, the appellant need only raise a nonfrivolous allegation that the protected activity was one factor that tended to affect the personnel action in any way. *Salerno*, 123 M.S.P.R. 230, ¶ 13. One way to establish this criterion is the knowledge/timing test, under which an employee may nonfrivolously allege that the protected activity was a contributing factor in a personnel action through circumstantial evidence, such as evidence that the official who took the personnel action knew of the protected activity and that the personnel action occurred within a period of time such that a reasonable person could conclude that the protected activity was a contributing factor in the personnel action. *Id*.; *see* 5 U.S.C. § 1221(e)(1). The Board has found that a personnel action taken within

1 to 2 years of a protected disclosure or protected activity meets the knowledge/timing test. *Dorney v. Department of the Army*, 117 M.S.P.R. 480, ¶ 16 (2012).

The appellant's February 15, 2015 statement occurred after her 2010 removal and thus could not have been a contributing factor in her initial removal. *See Sherman v. Department of Homeland Security*, 122 M.S.P.R. 644, ¶ 8 (2015) (providing that a disclosure that occurs after the personnel action at issue was taken cannot be considered a contributing factor in that personnel action). Of the remaining eight personnel actions that the appellant has raised in this appeal, only two occurred within 2 years of her alleged February 15, 2015 protected activity, namely, that in December 2016, the agency reinstated her in a practice area in which she had no prior experience, and that starting in January 2017, her supervisor intermittently compelled her to stay past her duty time and prevented her from collecting compensation for it. IAF, Tab 6 at 8-9. With respect to these two personnel actions, we find that the appellant has nonfrivolously alleged that agency officials involved in the actions were aware of her protected activity. The appellant alleges that the agency officials and human resources personnel involved in the personnel actions allegedly taken against her were aware of the physician's claims of reprisal and her involvement in his pursuit of remedial action. *Id.* at 9-11. In support of her allegations, the appellant observes that she and the physician worked in the same region and describes a conversation that the physician had with the agency official who proposed her removal regarding her connection to the physician and alleged retaliation against the appellant. *Id.* at 10-11, 10 nn.3-4. We find this evidence is sufficient to make a nonfrivolous allegation that the appellant's statement was a contributing factor in the two personnel actions. *See Bradley v. Department of Homeland Security*, 123 M.S.P.R. 547, ¶¶ 14-16 (2016) (observing that, to establish jurisdiction in an IRA appeal, the appellant can nonfrivolously allege actual or constructive

knowledge without specifically identifying which management officials were responsible for the reprisal).

The time between the appellant's protected activity and the remaining six personnel actions spans just over 2 years to just over 3 years and is too great to meet the knowledge/timing test. IAF, Tab 6 at 8-9; *see, e.g., Salinas v. Department of the Army*, 94 M.S.P.R. 54, ¶ 10 (2003) (finding that a delay of more than 2 years was too remote to satisfy the knowledge/timing test). However, the knowledge/timing test is not the only way for an appellant to satisfy the contributing factor standard. If an appellant fails to satisfy the knowledge/timing test, the Board will consider other evidence, such as that pertaining to the strength or weakness of the agency's reasons for taking the personnel action, whether the whistleblowing was personally directed at the proposing or deciding officials, and whether those individuals had a desire or motive to retaliate against the appellant. *Stiles v. Department of Homeland Security*, 116 M.S.P.R. 263, ¶ 24 (2011). Alternatively, the Board may consider whether a personnel action that occurred more than 2 years after the protected activity occurred was "part of a continuum of related personnel actions" in analyzing whether the appellant met the knowledge/timing test. *Agoranos v. Department of Justice*, 119 M.S.P.R. 498, ¶ 22 (2013).

Although the administrative judge implied in her jurisdictional order that there is more than one way to show that protected activity was a contributing factor in a personnel action, she did not identify any other methods of doing so beyond the knowledge/timing test. IAF, Tab 3 at 2-3. The record is insufficiently developed for us to determine whether the appellant has made a nonfrivolous allegation that her February 15, 2015 statement was a contributing factor in the six personnel actions that occurred more than 2 years after the alleged protected activity. Accordingly, we remand this matter for the administrative judge to provide the parties with an additional opportunity to

submit evidence and argument and to make additional findings regarding this issue.

The appellant has made a nonfrivolous allegation that the eight actions occurring in or after December 2016 are personnel actions covered under 5 U.S.C. § 2302(a)(2)(A).

We find that the appellant has made a nonfrivolous allegation that each of the eight personnel actions occurring in or after December 2016 are covered under 5 U.S.C. § 2302(a)(2)(A). The appellant's allegation that the agency reinstated her to a practice area in which she had no prior experience alleges a personnel action covered under section 2302(a)(2)(A)(iv), concerning reassignment, and section 2302(a)(2)(A)(v), concerning reinstatement. IAF, Tab 6 at 8-9. Her allegation that her supervisor compelled her to stay past her duty time without compensation addresses a decision concerning pay, covered under section 2302(a)(2)(A)(ix). Her allegations regarding her placement on a PIP, her proposed removal, and the decision to remove her all concern threatened or actual disciplinary or corrective action covered under section 2302(a)(2)(A)(iii). *See Gonzales v. Department of Housing and Urban Development*, 64 M.S.P.R. 314, 319 (1994) (finding that a PIP by definition involves a threatened personnel action, such as a reduction in grade or a removal); *cf. Caddell v. Department of Justice*, 52 M.S.P.R. 529, 532 (1992) (providing that "other" disciplinary or corrective action must be in the nature of a 5 U.S.C. chapter 75 action, such as a removal, to fall within the coverage of 5 U.S.C. § 2302(a)(2)(A)(iii)).

The appellant's allegation that her duties were changed so that she was no longer permitted to see patients concerns a significant change in duties, responsibilities, or working conditions, covered under section 2302(a)(2)(A)(xii). Additionally, her allegations regarding the agency's issuance of an inaccurate FPPE and her failure of a second FPPE may concern a performance evaluation under Title 38, covered under section 2302(a)(2)(A)(viii), or, at a minimum,

concern a significant change in duties, responsibilities, or working conditions, given that at least one FPPE recommended that the appellant no longer be permitted to see patients. IAF, Tab 9 at 63-81, 87-88; *see King v. Department of Health and Human Services*, 133 F.3d 1450, 1452-53 (Fed. Cir. 1998) (observing that a performance evaluation, as distinguished from a progress report, is formal, judges the quality of past work, and has practical consequences for the employee). Accordingly, the appellant has made a nonfrivolous allegation that the agency took eight covered personnel actions against her.

<u>This matter is remanded for additional proceedings regarding whether the appellant has made a nonfrivolous allegation that her protected activity was a contributing factor in six personnel actions and for a hearing on the merits of the appeal.</u>

As set forth above, on remand, the administrative judge shall provide the parties with an additional opportunity to submit evidence and argument and shall make additional findings regarding whether the appellant has made a nonfrivolous allegation that her protected activity was a contributing factor in the six personnel actions that occurred more than 2 years after the protected activity occurred under the alternative methods to the per se knowledge/timing test.

In addition, the appellant has made nonfrivolous allegations that, by providing her February 15, 2015 statement, which the physician filed in support of his Federal district court case, initiated to remedy violations of Title VII, she engaged in activity protected under 5 U.S.C. § 2302(b)(9)(B), and the protected activity was a contributing factor in the agency's decision to take two personnel actions. Accordingly, the appellant is entitled to a hearing on the merits of her claim. After the administrative judge has determined whether the appellant has met her jurisdictional burden with respect to the remaining six personnel actions, she shall adjudicate the appellant's IRA appeal pursuant to the standard set forth in *Alarid v. Department of the Army*, 122 M.S.P.R. 600, ¶¶ 13-14 (2015), to adjudicate claims of reprisal for activity protected by 5 U.S.C. § 2302(b)(9)(B). Specifically, the administrative judge shall determine whether the appellant has

established by preponderant evidence that she engaged in activity protected under section 2302(b)(9)(B).  *Alarid*, 122 M.S.P.R. 600, ¶ 13.  Next, the administrative judge shall determine whether the appellant's participation in the protected activity was a contributing factor in the challenged personnel actions at issue.  *Id.*  If the appellant makes both of these showings by preponderant evidence, the administrative judge shall determine whether the agency has shown by clear and convincing evidence that it would have taken the same actions in the absence of the appellant's protected activity.  *Id.*, ¶ 14.

## ORDER

For the reasons discussed above, we remand this case to the Western Regional Office for further adjudication in accordance with this remand order.

Gina K. Grippando

FOR THE BOARD: _____
Gina K. Grippando
Clerk of the Board

Washington, D.C.